Paul MARRIOTT, Both Individually, and on Behalf of a Class of Others Similarly Situated; Barbara Davis; and Andy Rivera; Plaintiffs,

v.

COUNTY OF MONTGOMERY; Montgomery County Sheriff's Department; Michael Amato, Individually, and as Sheriff of the County of Montgomery; Jeffrey Smith, Individually, and as Undersheriff of the County of Montgomery; Kevin Snell, Individually, and as former Undersheriff of the County of Montgomery; John Pecora, Individually, and as Jail Administrator in the Montgomery County Sheriff's Department; and Sue Buddles, Individually, and as Lieutenant in the Montgomery County Sheriff's Department, Defendants.

No. 5:03–CV–531.

United States District Court, N.D. New York.

March 25, 2005.

Beranbaum, Menken, Ben–Asher & Bierman LLP (Bruce E. Menken, Esq., of counsel), New York City, for Plaintiff.

Elmer R. Keach, III, Esq., Albany, NY, for Plaintiff.

Mason Law Firm (Gary E. Mason, Esq., of counsel), Washington, DC, for Plaintiff.

Beranbaum, Menken, Ben–Asher & Bierman LLP (Jason J. Rozger, Esq., of counsel), New York City, for Plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP (Theresa B. Marangas, Esq., of counsel), Albany, NY, for Defendants,

Wilson, Elser, Moskowitz, Edelman & Dicker LLP (Thomas W. Hyland, Esq., of counsel), New York City, for Defendants.

### *ORDER*

HURD, District Judge.

By Memorandum–Decision and Order filed this date the plaintiff class was certified pursuant to Fed. R. Div. P. 23(b)(2) and 23(b)(3). It is appropriate in this matter to require that prospective class members be

notified of the general legal issues involved and that their rights will be affected by resolution of this case. *See LaFlamme v. Carpenters Local # 370 Pension Plan,* 212 F.R.D. 448, 459 (N.D.N.Y.2003). While discretion may sometimes be exercised to permit opt-out rights to absent class members, this is not an appropriate case in which to do so. *See id.* Thus, notice to the prospective class members will not include an opt-out provision. *Id.* Where, as here, defendants are in sole possession of the information about prospective class members, it is appropriate that defendants either provide the notice or cooperate with the plaintiffs by providing the information necessary to provide the notice. *Id.* at 460. The party providing the notice will determine whether the notice will be individual or general. *See id.* Costs of providing the notice will be borne by plaintiffs. *See id.*

Accordingly, it is

ORDERED that

1. Defendants elect, on or before April 8, 2005, whether to provide notice to the prospective class or provide the information necessary to plaintiffs so they can provide such notice;

2. The parties confer on or before April 18, 2005. At such conference, the party providing notice to the prospective class inform the other party of whether the notice to the prospective class will be individual or general. The parties attempt to agree upon the contents of a proposed notice; and

3. On or before April 28, 2003, the parties submit for approval a proposed joint order setting forth the contents of the proposed notice, or, if an agreement as to content cannot be reached, the parties submit separate proposed notices.

IT IS SO ORDERED.